KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770 L Street, Suite 950
Sacramento, CA 95814
P: (916) 905-4464
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff KRISTOPHER STOWE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER STOWE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRAD ALFORD, in his personal capacity<br><br>Defendant. | Case No.: |

### SUMMARY OF THE CASE

1.   The plaintiff, KRISTOPHER STOWE, individually brings this action against defendant pursuant to 42 U.S.C. § 1983 and § 1988, to redress the deprivation under color of laws of plaintiff's rights, privileges, and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivation of his constitutional, statutory and common law rights. Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### Jurisdiction

2.   This action arises under a federal statute, 42 U.S.C. §§ 1983 and 1988. KRISTPHER STOWE is a resident of Rocklin, California. During his residence, Mr. STOWE was physically injured by BRAD ALFORD. Mr. STOWE suffered and continually suffers from the bodily injuries and emotion distress caused by DEFENDANT'S actions. DEFENDANT'S conduct

violated Mr. STOWE's constitutional rights to be free from unreasonable force.

## Venue

3.  Venue is proper in the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in this District. The injury took place in Placer County, California. The defendant-officers are employed by the City of Rocklin, located in Rocklin, California.

## Parties

4.  Plaintiff KRISTOPHER STOWE (hereinafter referred to as "STOWE") a United States citizen and an white male, at the time of the violation of his Fourth Amendment right, was a resident of Rocklin, California. STOWE is still currently living in Rocklin, California.

5.  Defendant BRAD ALFOD, was a police officer, employed at the City of Rocklin Police Department.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.  On August 25, 2017, at or about 7:00 p.m., STOWE left the residence of his girlfriend and girlfriend's father where he was chatting and having a couple of drinks with his girlfriend's father.

7.  He wanted to take a walk and wait until his girlfriend returned home from work as he was upset from the conversation he was having with his girlfriend's father.

8.  During the walk, STOWE had sat down.

9.  Not knowing how tired he was STOWE accidentally fell asleep.

10. He was awakened by officer ALFORD.

11. When complying with ALFORD's commands, ALFORD suddenly attempted to through STOWE on the ground.

12. During the tussle STOWE was struck in the face multiple times.

13. Once handcuffed, STOWE was being escorted to ALFORD's police patrol vehicle.

14. After the back door of the patrol vehicle was opened, ALFORD shoved STOWE into the vehicle. STOWE landed in the foot-well of the backseat in between the seat and the partition.

15. ALFORD then pulled STOWE out of the vehicle feet first, causing him to land harshly on

the ground—upper body landing first.

16. From the physical appearance of STOWE's injuries, STOWE was transported to the hospital.

17. After being transported to the hospital, STOWE was transported by ALFORD to the Placer County Jail.

18. While sitting in the intake area of the county jail, STOWE is approached by ALFORD.

19. ALFORD states that he has to transport STOWE back to the hospital.

20. STOWE explains to ALFORD that he doesn't want ALFORD to harm him again and that he wants to cease communications with ALFORD.

21. ALFORD then leans closer to STOWE's face and with a more emphasized and condescending tone tells STOWE that "he would rather not…"

22. STOWE then stands up with his hands handcuffed behind his back.

23. ALFORD then grabs STOWE by the necks and with extreme force, shoves STOWE's over the counter bending STOWE's back head to heel.

24. Deputies rushed in and controlled STOWE by allowing him to sit back down in his seat.

25. At the hands of officer ALFORD, STOWE suffered injuries to his head, face, mouth, teeth, back, and wrist.

26. Charges that ALFORD alleged STOWE to have committed on or about August 25, 2017, were dismissed by the Placer County District Attorney's office in the interest of justice.

**FIRST CAUSE OF ACTION**

**[Violation of 42 U.S.C. § 1983: Under the Fourth Amendment of United States Constitution for Unreasonable Force, Against Defendant BRAD ALFORD in his personal capacity.]**

27. Plaintiff re-alleges and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

28. Defendant BRAD ALFORD, acting under color of state law, used and applied unreasonable force against Mr. STOWE. Defendant, BRAD ALFORD had no legal justification for intentionally using unreasonable force against Mr. STOWE.

29. The use of unreasonable force by Defendant BRAD ALFORD, acting under color of state

1  law brought about the constitutional deprivation physical injury and emotional distress of Mr.
2  STOWE. The use of force was improper, unjustified and unreasonable because at the time of the
3  search, Mr. Stowe was either restrained in handcuffs and/or was complying with orders.
4  30.     Defendant BRAD ALFORD acted in reckless and callous disregard for the constitutional
5  rights of PLAINTIFF. The wrongful acts, and each of them, were willful, oppressive, fraudulent
6  and malicious.
7  31.     The illegal use of force causing the constitutional deprivation, physical injury and
8  emotional distress of Mr. STOWE legally, proximately, foreseeably and actually caused
9  PLAINTIFF to directly be a "party injured" by the constitutional violations to Mr. STOWE
10  within the meaning of *section 1983*.
11  32.     The illegal and unreasonable use of force causing the constitutional deprivation and
12  emotional distress of Mr. STOWE legally, proximately, foreseeably and actually caused
13  PLAINTIFF to suffer damages according to proof at the time of trial. Those damages are both
14  economic and non-economic and include emotional distress and pain and suffering. Plaintiff is
15  also entitled to attorney fees and costs of suit herein pursuant Title 42, section 1988, et seq. of the
16  United States Code.

## SECOND CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983: Violating STOWE's Fourteenth Amendment Rights to be Free From Punishment as a Pretrial Detainee.**

20  33.     STOWE incorporates each and every allegation of each and every paragraph above as
21  though fully set forth herein
22  34.     ALFORD acted under the color of state law when he grabbed a handcuffed STOWE by
23  the neck and bent STOWE's back from head to heel over a counter.
24  35.     All named defendants exhibited a deliberate or callous indifference to defendant's
25  Fourteenth Amendment constitutional rights to be free from cruel and unusual punishment. The
26  unnecessary and unreasonable force applied by DEFENDANT inflicted wanton and unnecessary
27  infliction of physical and mental pain. The choking of a handcuffed individual and forcing him to
28  bend over backwards shocks the general conscience and is intolerable to fundamental fairness.

36. Defendant's deliberate indifference to the health and rights of STOWE, causing STOWE to be deprived of his constitutional right to be free from cruel and unusual punishment, was legally, proximately, and foreseeably caused by DOES 26-50, causing STOWE to be a "party injured" by the constitutional violations within the meaning of section 1983.

37. Defendant's deliberate indifference causing the constitutional violation and serious injury to STOWE, legally, proximately and foreseeably caused STOWE to suffer damages according to proof at the time of trial. Those damages are both economic and non-economic and included emotional distress and pain and suffering. STOWE is also entitled to attorney fees and costs of suit herein pursuant to Title 42, section 1983, et seq. of the United States Code.

## PRAYER FOR RELIEF

**Wherefore,** the plaintiff prays that this Court

1. Declare that Defendant, subjected STOWE to conditions and engaged in conduct that caused STOWE to be subjected to the deprivation of one or more of his constitutional rights.

2. Award STOWE compensatory damages for the deprivation of one or more of the constitutional rights of the plaintiff according to proof at trial.

3. Award STOWE punitive damages against each defendant.

4. Award STOWE interest to commence from the date of constitutional violation; and

5. Grant such other relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated: August 23, 2019

*/S/ Kellan S. Patterson*
*(Signature of the attorney)*

Kellan Patterson
*(Printed Name)*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, STOWE hereby request a trial by jury of this issues so triable herein.

Dated: August 23, 2019

                                         /S/ *KELLAN S PATTERSON*
                                            *(Signature of attorney)*

                                         Kellan Patterson
                                         Attorney for KRISTOPHER STOWE