UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER STOWE, | No. 2:19-cv-01652 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| BRAD ALFORD, | |
| Defendant. | |

Before the court is defendant's ex parte motion for an order shortening time to hear a motion for a protective order, filed February 11, 2021. ECF No. 11. Just over one year ago, on January 22, 2020, Chief Judge Kimberly J. Muller issued a pretrial order setting a February 26, 2021deadline for completion of discovery. ECF No. 9. This order states that in the context of the discovery deadline, "completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." ECF No. 9 at 2.

Defendant's ex parte motion (ECF No. 11) is DENIED for multiple reasons. First, the motion is untimely per the clear instructions of the scheduling order. Even if the court were to agree to hear a motion for a protective order on shortened time, the court could not possibly

1

schedule briefing, issue an order resolving the dispute, and set a compliance date prior to the February 26, 2021 discovery deadline.  Further, defendant's suggested timeline—in which he files his motion within 7 days, an opposition is due within 4 days, and there is no reply—ignores the joint statement requirement for the briefing of discovery disputes set by the Local Rules. Moreover, it asks the court, without any persuasive justification, to issue an order and force a deposition within four days of the completion of briefing.  The court declines to create such an unnecessary emergency for itself.

The court further notes that defendant's request is not compelling on the merits.  It is not at all clear why defendant needs a protective order.  Defendant states that plaintiff's remote deposition was scheduled for February 5, 2021, but due to several alleged improprieties on the plaintiff's part (appearing masked, the unauthorized presence of other witnesses, etc.), the deposition was suspended.  ECF No. 11 at 2.  It appears defendant wants a ruling on plaintiff's conduct during the deposition; it is unclear what this has to do with the issuance of a protective order.

Defendant's motion, ECF No. 11, is DENIED.

IT IS SO ORDERED.

DATED: February 12, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2