|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| KRISTOPHER STOWE, | No. 2:19-cv-01652 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| BRAD ALFORD, | |
| Defendant. | |

Before the court is defendant's motion to compel plaintiff's deposition and for a protective order, ECF No. 16, which is referred to the magistrate judge by E.D. Cal. R. 302(c)(1). The motion was taken under submission. ECF No. 17. The parties properly filed a joint statement. ECF No. 18. For the reasons stated below, the court GRANTS the motion IN PART. Plaintiff will be ordered to attend a second deposition, the protocol for which is discussed below.

## I.  Relevant Background

The dispute before the court arises from the failed deposition of plaintiff via Zoom, attempted February 5, 2021. ECF No. 18 at 1. At that deposition and in subsequent meet and confer conversations, the parties were unable to agree as to whether (a) plaintiff should be required to appear without a mask when appearing remotely, (b) whether all the attendees present in the room with plaintiff must be visible on the camera, (c) whether plaintiff's wife, who is a witness and has a financial interest in the outcome of the proceedings, should be allowed in the

1

deposition room, and (d) whether plaintiffs' counsel may instruct plaintiff not to answer questions that counsel deems "badgering." The parties now dispute whether plaintiff should be compelled to attend a second deposition (with or without receiving a fee from defendant), and if so, how the above issues should be addressed. See ECF No. 18.

## II. ANALYSIS

Defendant moves to compel plaintiff to attend a second deposition. ECF No. 18 at 6-7. Plaintiff argues defendant ended the first deposition on meritless grounds, and a second deposition should therefore not be compelled. Id. at 11-12. For the reasons set forth below, the court will compel plaintiff to attend a second deposition. The protocol for the second deposition, as to the parties' various disputes, is set forth below.

### A. Plaintiff Must Attend a Second Deposition

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). As to second depositions, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case." Rule 30(a)(2)(A)(ii), Fed. R. Civ. P. "Whether to permit a second deposition lies in the court's discretion." Ransom v. Herrera, No. 1:11-cv-01709-LJO-EPG PC, 2018 WL 4008386, at *2 (E.D. Cal. Aug. 21, 2018); see also FCC v. Mizuho Medy Co. Ltd., 07-cv-189 JAH (NLS), 2009 WL 10672927, at *3 (S.D. Cal. Sept. 24, 2009); Owino v. CoreCivic, Inc., No. 3:17-cv-1112-JLS-NLS, 2019 WL 2867278, at *2 (S.D. Cal. July 3, 2019); Tramm v. Porter Memorial Hosp., 128 F.R.D. 666, 668 (N.D. Ind. 1989). Rule 26(b)(2)(C) states that leave should be granted unless the discovery sought is unreasonably cumulative or duplicative or can be obtained from a more convenient, less burdensome or less expensive source; the party seeking the discovery has had ample opportunity to obtain the information through discovery; or the burden or expense of the proposed discovery outweighs its likely benefit.

For the reasons discussed in more detail below, the court does not believe that plaintiff's first deposition was terminated entirely without justification. Based on a full review of the

circumstances, both parties bear significant responsibility for the failure of the first deposition. Further, the first deposition was terminated before substantive questioning could occur due to procedural disputes, which are now being resolved by court order. It is in the interest of justice to compel plaintiff to attend a second deposition without any fee or financial penalty to defendant.

B. Second Deposition Protocol

The parties agree that plaintiff's deposition may take place remotely, which is allowed by Fed. R. Civ. P. 30(b)(4) and is appropriate under the circumstances of the ongoing Covid-19 pandemic. However, the parties are unable to agree as to several logistical matters regarding remote deposition protocol. Upon full review of the parties' arguments, the court orders as follows:

1. Plaintiff may wear a face-shield, but not a mask, during the remote deposition

Plaintiff must appear on video during the remote deposition wearing either no protective face covering or a covering, such as a clear face-shield, that allows clear facial visibility. It is plaintiff's responsibility to ensure his face is visible. Plaintiff argues that Covid-19 safety protocols require a mask to be worn during his deposition, that there is no rule that a deponent's face must be fully visible during a deposition, and that defense counsel did not request in advance that plaintiff be unmasked during the deposition. ECF No. 18 at 10. Defendant counters that seeing the deponent's facial expressions and non-verbal responses is essential to the efficacy of the deposition. Id. at 4.

While plaintiff's points are well taken, the court agrees with defendant; at this point in the pandemic, the ability to be un-masked is one of the central benefits of taking depositions remotely. "[I]n a deposition by remote means, Plaintiff could appear without wearing a mask, which would permit a better assessment of her demeanor and better clarity of [plaintiff's] voice. Thus, in the unique circumstances presented by the COVID-19 pandemic, holding a deposition by videoconference actually would provide a better opportunity for [ ] counsel to observe the demeanor of the witness . . . The witness's wearing of a mask eliminates many of the advantages of observing the witness at an in-person deposition; however, if the witness were to be deposed remotely from home, the witness would not need to wear a mask, giving [ ] counsel the

opportunity to observe the full face of the witness." Schoonover v. Iovate Health Scis. U.S.A. Inc., No. CV 20-01487 ABA GRX, 2020 WL 7094061, at *2 (C.D. Cal. Nov. 9, 2020) (internal quotations omitted). Plaintiff has several options to ensure safety protocols while still appearing unmasked at his remote deposition: he could be in a separate room, he could ensure proper ventilation, he could wear a face shield. To avoid prejudice to the defendant, plaintiff must appear on video without a mask.

### 2. All individuals in the room need not be visible on camera

Defendant argues in a single sentence that "all present at the deposition should be on camera, absent an agreement to the contrary." ECF No. 18 at 4. Defendant provides no supporting rule or case law for this proposition. The court finds none. This portion of the motion to compel is denied.

### 3. All individuals present must be identified by the court reporter

Though plaintiff is correct that all parties need not be visible on camera, the court reminds plaintiff that the Federal Rules of Civil Procedure unequivocally require that all individuals present at the deposition be identified. Fed. R. Civ. Pl 30(b)(5)(A) states:

> (A) Before the Deposition. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes: . . . (v) *the identity of all persons present.*

(emphasis added). At the second deposition, all persons in the room must be identified by the court reporter at the outset of the deposition.

### 4. Plaintiff's wife is not excluded from the deposition room

Defense counsel asserted during the deposition that plaintiff's wife must be excluded from the room because she is a non-party witness. ECF No. 18 at 9. Plaintiff notes that defense counsel could not produce a rule supporting this proposition at the time of the deposition. Id. In his motion, defendant cites case law from the Northern District of Oklahoma stating that non-parties do not have an "absolute right" to attend a deposition. Id. at 5.

Rule 615 of the Federal Rules of Evidence addresses excluding or sequestering witnesses:

////

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>
> (d) a person authorized by statute to be present.

In 1993, Federal Rule of Civil Procedure 30(c)(1), which governs depositions, was amended to clarify that other witnesses are not automatically excluded from a deposition at a party's request. See Fed. R. Civ. P. 30(c) advisory committee's note to 1993 amendment. Rule 30(c) now states that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). The amendment was intended to address the "recurring problem as to whether other potential deponents can attend a deposition" that arose because some courts held that witnesses should be excluded from depositions under Fed. R. Evid. 615, while others held that witnesses may attend deposition unless excluded by a protective order. Fed. R. Civ. P. 30(c) advisory committee's note to 1993 amendment. Now, a party seeking to exclude other witnesses must obtain a protective order under Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure. Id.; In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) ("exclusion of other witnesses requires that the court grant a protective order pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure.").

Under Rule 26(c)(1)(E), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... designating the persons who may be present while the discovery is conducted." The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id. (quotation omitted).

////

Here, defendant does not make a persuasive showing of specific harm. Defendant argues that plaintiff's wife is a fact witness, and she could give non-verbal cues to plaintiff or refresh/alter his memory during breaks. ECF No. 18 at 5. Defendant argues that the spouses may have conversations during breaks and then hide their conversations by claiming spousal privilege. Id. at 5-6. The court finds that, whether plaintiff's spouse is at the deposition or not, there could be spousal conversations during breaks via telephone. The issue of non-verbal cues can be addressed with an instruction that non-verbal cues are not permitted; the court trusts plaintiff's counsel will not allow impermissible cueing or signaling to the plaintiff during the deposition. Defendant also argues that plaintiff's spouse has a financial stake in the outcome of the litigation, but that is not a clear basis for exclusion. Finding defendant's arguments unpersuasive, the court declines to ban plaintiff's spouse from the deposition.

   5. Plaintiff's counsel will not improperly instruct plaintiff not to answer.

Defendant seeks an order preventing plaintiff's counsel from issuing improper instructions to plaintiff not to answer deposition questions. The deposition shows plaintiff's counsel instructing plaintiff not to answer a basic factual question, "How big is the room?", on grounds of badgering. ECF No. 18-1 at 8.

During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Instructions not to answer questions at a deposition are improper except in limited circumstances. Detoy v. City and County of San Francisco, 196 F.R.D. 362, 365 (N.D. Cal. 2000). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Plaintiff's counsel improperly instructed plaintiff not to answer. Going forward, all parties will comply with the Federal Rules of Civil Procedure.

### I.     Conclusion

Defendant's motion to compel and for a protective order (ECF No. 16) is GRANTED IN PART as discussed in detail above. The parties shall agree to a second date for plaintiff's

////

remote deposition and shall comply with the protocol discussed above.

IT IS SO ORDERED.

DATED: May 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE