**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant BRAD ALFORD

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER STOWE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRAD ALFORD, in his personal capacity,<br><br>Defendant. | Case No. 2:19-cv-01652-KJM-AC<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS**<br><br>Complaint Filed: 08/23/2019<br><br>Date: February 11, 2022<br>Time: 10:00 a.m.<br>Ctrm.: 3<br>Judge: Kimberly J. Mueller |

Defendant BRAD ALFORD ("Defendant") hereby submits his Responses and Objections to Plaintiff's Separate Statement of Disputed Material Facts in support of Defendant's Motion for Summary Judgment.

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS

| Plaintiff's SDF No. | Plaintiff's Statement of Disputed Facts and Supporting Evidence | Defendant's Responses and Objections to Plaintiff's Statement of Disputed Facts and Supporting Evidence |
|---|---|---|
| 1. | On August 25, 2017, Plaintiff went to Terra's home.<br><br>**Decl. of K. Patterson, Exhibit A** | Objection as irrelevant and immaterial. |

{02578047.DOCX}                                                    1

| | | (Stowe's Decl. 75:17-25) | |
|---|---|---|---|
| | 2. | Stowe, Terra and Edward Hargens were together for 15 minutes until Terra headed off to work.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 79:24-80:5) | Objection as irrelevant and immaterial. |
| | 3. | Stowe explained to Terra that he would hang out with her father until she returned back from work.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 79:24-80:5) | Objection as irrelevant and immaterial. |
| | 4. | While at the residence, Stowe had two drinks of vodka with Mr. Edward Hargens.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 78:1-9) | Objection as irrelevant and immaterial. |
| | 5. | As they were hanging out, Plaintiff started to explain to Mr. Hargens that he really liked his daughter and that he wanted to marry her.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 81:12-14) | Objection as irrelevant and immaterial. |
| | 6. | The conversation did not go well and Mr. Hargens asked Stowe to leave.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 82:3-4) | Objection as irrelevant and immaterial. |
| | 7. | Stowe went to a nearby creek where he laid down and went to sleep.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 83:23-25) | It is undisputed that Stowe was unconscious when Defendant Alford arrived at the scene. Plaintiff cannot reasonably argue he purposefully laid down in a parking lot in a strange location with wet clothes on.<br><br>The remainder of this "fact" is irrelevant and immaterial. |
| | 8. | Stowe did not know what to do as he was exhausted from the day and had drank alcohol.<br><br>**Decl. of K. Patterson, Exhibit A** (Stowe's Depo. 87:9-19) | It is undisputed that Stowe drank alcohol.<br><br>The remainder of this "fact" is irrelevant and immaterial. |
| | 9. | Officer Alford arrived at the scene and found plaintiff laying on the dirt ground feet away from the curve adjacent to the | Objection. Vague as to the term "curve."<br><br>Alford's BWC shows that when Alford |

{02578047.DOCX}   2

**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| # | | |
|---|---|---|
| | parking lot.<br><br>**Ex. D to the IOE Alford BWC; (0:00-0:05)** | approached the scene, Stowe was lying with part of his body on the dirt with his arms out to the side.<br><br>The evidence Plaintiff cites does not establish that Stowe was lying "feet away from the curve adjacent to the parking lot." |
| 10. | Officer Alford asked Plaintiff if he had been drinking, used drugs or if he had a seizure.<br><br>**Ex. D to the IOE Alford BWC; (0:24-0:27)** | Undisputed. |
| 11. | Alford tells Plaintiff that he has medics on the way.<br><br>**Ex. D to the IOE Alford BWC; (0:32-0:34)** | Undisputed. |
| 12. | Alford bent over and asked Plaintiff for his name. The video captures Stowe laying on his back making eye-contact with Alford and displaying a smile.<br><br>**Ex. D to the IOE Alford BWC; (0:47-0:48)** | Objection as compound. Argumentative and immaterial as to "making eye-contact" and "displaying a smile."<br><br>It is undisputed that Defendant Alford asked Stowe for his name several times while Stowe was lying on his back on the ground. |
| 13. | Stowe stands up by his own strength with no objection by Officer Alford.<br><br>**Ex. D to the IOE Alford BWC; (1:57-1:59)** | Objection as irrelevant and immaterial. Vague and speculative as to "by his own strength."<br><br>Alford's BWC footage does not support that "Stowe stands up by his own strength." |
| 14. | Alford asked Plaintiff for his name and Stowe responds: "Kris" with a smile.<br><br>**Ex. D to the IOE Alford BWC; (2:06-2:08)** | Objection. Argumentative and immaterial as to "with a smile."<br><br>Undisputed that Alford asked Stowe for his name multiple times and that Stowe responded with "Kris." |
| 15. | Stowe points at the paramedics and Alford explains that they were present for him.<br><br>**Ex. D to the IOE Alford BWC; (2:11-2:14)** | Objection as irrelevant and immaterial.<br><br>Undisputed that Stowe pointed outward, and Alford responded with, "they're here for you to make sure you're alright." Stowe responded, "that's a red truck." |
| 16. | Alford asked Stowe to sit back down and Stowe immediately complied.<br><br>**Ex. D to the IOE Alford BWC;** | Objection as irrelevant and immaterial.<br><br>Undisputed that Alford told Stowe to sit down, and Stowe complied. |

{02578047.DOCX}                                    3
**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | (2:19-2:21) | |
|---|---|---|---|
| | 17. | Alford picked up a backpack and implied through a statement that the backpack belonged to Stowe. Stowe replied that he thought the backpack belonged to Alford. **Ex. D to the IOE Alford BWC; (2:24-2:29)** | Objection as irrelevant and immaterial.<br><br>Undisputed that the following exchange occurred:<br><br>Alford: You got I.D., Kris?<br><br>Stowe: No<br><br>Alford: No? Alright. In your backpack, maybe?<br><br>Stowe: I thought that was yours. |
| | 18. | Alford took the backpack and walked away from Stowe to his patrol vehicle.<br><br>**Ex. D to the IOE Alford BWC; (2:29-2:38)** | Objection as irrelevant and immaterial, and mischaracterizes what can be seen in the video. Argumentative and vague as to "walked away from Stowe."<br><br>Undisputed that Alford took the backpack and placed in on the hood of a police vehicle. The video footage does not establish whose police vehicle it was. |
| | 19. | While Alford searched through the backpack, he explained that it was alright for the paramedics to "come in."<br><br>**Ex. D to the IOE Alford BWC; (2:35-2:38)** | Objection as irrelevant and immaterial and mischaracterizes what can be seen in the video. Argumentative and speculative as to "he explained it was alright for the paramedics to come in."<br><br>The footage establishes that Alford appears to say into his radio "they can come in." The video footage Plaintiff cites does not provide the context for that statement. |
| | 20. | Alford searched through the backpack for over 90 seconds.<br><br>**Ex. D to the IOE Alford BWC; (2:35-4:05)** | Objection as irrelevant and immaterial.<br><br>Undisputed that Alford searched through a backpack. |
| | 21. | Paramedics entered the investigations scene and were standing adjacent to Stowe.<br><br>**Ex. D to the IOE Alford BWC; (3:40-4:38)** | Objection as irrelevant and immaterial. Vague and argumentative and assumes facts as to "investigations scene".<br><br>Undisputed that medics from the Rocklin Fire Department arrived on the scene and were standing around Stowe. |
| | 22. | The manager of the park entered the investigation scene, introduced herself and | Objection as irrelevant and immaterial. Vague and argumentative as to "entered the |

| | | explained to Alford that she did not know Stowe.<br><br>**Ex. D to the IOE Alford BWC; (4:15-4:19)** | investigation scene."<br><br>Undisputed that a woman who claimed to be the manager of the mobile home park began speaking with Defendant Alford and Officer Barrington. |
|---|---|---|---|
| | 23. | Once Alford returned to Stowe, Alford asked Stowe for his last name. Simultaneously, the manager was asking Plaintiff for his address.<br><br>**Ex. D to the IOE Alford BWC; (4:09-4:25)** | Objection as mischaracterizes what can be seen in the video, compound and to the implication that Alford asked Stowe his last name, for the first time, after speaking to the mobile home park manager.<br><br>The video footage shows that Alford asked Stowe for his last name earlier in the exchange.<br><br>Irrelevant and immaterial as to "the manager was asking Plaintiff for his address." |
| | 24. | Stowe clearly states out loud: "Dawg, I'm about to walk away." No objection or other direction was provided by Alford.<br><br>**Ex. D to the IOE Alford BWC; (4:23-4:29)** | Undisputed as to Stowe's statement.<br><br>Objection as vague and argumentative as to "no objection or other direction was provided by Alford." The video footage shows that Alford told Stowe he needed to talk to the medics and to place his hands behind his back. |
| | 25. | Stowe stood up from the curve and Alford states: "Alright, bro, you got to talk to the medical people." Stowe responds: "What?"<br><br>**Ex. D to the IOE Alford BWC; (4:29-4:32)** | Undisputed as to Stowe's and Alford's statements.<br><br>Objection. Vague as to "curve." |
| | 26. | Alford grabbed Stowe by the right arm and told Stowe to put his hands behind his back.<br><br>**Ex. D to the IOE Alford BWC; (4:33-4:34)** | Objection. Argumentative as to "grabbed."<br><br>Otherwise, undisputed. |
| | 27. | Stowe responded: "Alright." And faces away from Alford and places his hands behind his back.<br><br>**Ex. D to the IOE Alford BWC; (4:35-4:36)** | Undisputed. |
| | 28. | Alford responded: "Alright, that's easy." | Undisputed. |

| | | Ex. D to the IOE Alford BWC; (4:36-4:37) | |
|---|---|---|---|
| | 29. | Stowe then stated "Don't" three times.<br><br>**Ex. D to the IOE Alford BWC; (4:37)** | Objection as irrelevant and immaterial and mischaracterizes what can be seen/heard in the video. Speculative and argumentative.<br><br>Disputed. The footage does not establish that "Stowe then stated Don't three times." |
| | 30. | Plaintiff is then thrown to the ground.<br><br>**Ex. D to the IOE Alford BWC; (4:38-4:39)** | Disputed. Argumentative and speculative and mischaracterizes what can be seen in the video<br><br>The evidence cited by Plaintiff does not establish that "Plaintiff was then thrown to the ground." |
| | 31. | While on the ground, Plaintiff was rolling on the ground.<br><br>**Decl. of K. Patterson, Exhibit A (Stowe's Depo. 91:21-92:1)** | Objection as immaterial and irrelevant and mischaracterizes what can be seen in the video.<br><br>The evidence cited by Plaintiff does not establish that "…Plaintiff was rolling on the ground." |
| | 32. | Two seconds after hitting the ground, Stowe was jumped on by Officer Barrington.<br><br>**Ex. E to the IOE Barrington BWC; (2:47)** | Objection. Argumentative as to "jumped on." Irrelevant and immaterial and mischaracterizes what can be seen in the video.<br><br>The evidence cited by Plaintiff does not establish the length of time Plaintiff was on the ground before contact was made by Officer Barrington.<br><br>It is undisputed that while Plaintiff was on the ground, Officer Barrington struck him in the side of the head. |
| | 33. | At the time Barrington jumped on Stowe, Stowe is laying fully on his back and Alford's left leg is directly over the face of Stowe.<br><br>**Ex. E to the IOE Barrington BWC; (2:47); Decl. of K. Patterson, Ex. B Still Frame from Barrington BWC** | Objection. Compound and argumentative as to "jumped on." Speculative and mischaracterizes what can be seen in the video.<br><br>Disputed. Neither the video footage nor the still frame at Ex. B support that "Stowe is laying fully on his back and Alford's left leg is directly over the face of Stowe." |
| | 34. | Within 4 seconds, Stowe had rolled over to his stomach, his left hand is on the pavement and his right arm appears to be | Objection. Compound and speculative and mischaracterizes what can be seen in the video. |

| # | | |
|---|---|---|
| | pinned under his body.<br><br>**Ex. E to the IOE Barrington BWC; (2:47); Decl. of K. Patterson, Ex. C Still Frame from Barrington BWC** | Disputed. Neither the video footage nor the still frame at Ex. C support this "fact." |
| 35. | Stowe's head was smashed into the ground by Alford at least twice.<br><br>**Decl. of K. Patterson, Exhibit A (Stowe's Depo. 107:11-13)** | This "fact" as presented is not supported by the cited evidence and is contradicted by Plaintiff's later deposition testimony.<br><br>Q: Okay. So when you – how many times did you feel your head being smashed into the pavement?<br><br>A: Once, twice.<br>Ex. B to the IOE Stowe Depo. 107:11-13<br><br>A: and then, you know, they were holding my head down and I was trying to – I was moving my head. And they were – you know… 107:15-17<br><br>Q: How was your head positioned when you said you were being held down or smashed in the pavement, were you straight on, were you to the right, to the left?<br><br>A: Both. I was – I was moving my head around like that. And I was lifting my head up, and they were trying to push it – they were, you know, telling me to get down, you know. 109: 4-10 |
| 36. | The incident had Stowe scared.<br><br>**Decl. of K. Patterson, Exhibit A (Stowe's Depo. 108:4-11)** | Objection as irrelevant and immaterial. |
| 37. | After being handcuffed in less than a minute after Barrington's involvement, Stowe was left screaming in pain.<br><br>**Ex. F to the IOE Barrington BWC (2); (0:01-1:30)** | Objection as irrelevant and immaterial. Argumentative and speculative as to "screaming in pain." and mischaracterizes what can be seen/heard in the video.<br><br>The evidence cited does not establish that Stowe was screaming "in pain." |
| 38. | Alford forced Stowe up to his feet and Stowe yelled out in pain.<br><br>**Ex. F to the IOE Barrington BWC (2); (0:33-0:34)** | Objection as irrelevant and immaterial. Argumentative and speculative as to "forced" and "Stowe yelled out in pain." and mischaracterizes what can be seen/heard in the video. |

| | | | |
|---|---|---|---|
| | | | Undisputed that Alford assisted Stowe to his feet. |
| | 39. | Alford along with another officer walked Stowe to Alford's patrol vehicle where in the process Alford says: "You're going to jail. Now you get a charge."<br><br>**Ex. F to the IOE Barrington BWC (2); (0:35-0:36)** | Objection as irrelevant and immaterial. Compound.<br><br>Undisputed that Alford walked Stowe to his patrol vehicle.<br><br>Undisputed as to Alford's statements. |
| | 40. | Stowe exclaimed: "I didn't fight!"<br><br>**Ex. F to the IOE Barrington BWC (2); (0:35-0:36)** | Objection as irrelevant and immaterial. Argumentative as to "exclaimed."<br><br>Undisputed that Stowe stated, "I didn't fight." But after he was in custody and is a self-serving statement does not create a triable issue. |
| | 41. | Stowe was thrown into the back of the patrol vehicle in a manner that caused him to land in the foot-well of the back seat where his back was to the floor, and he was facing the roof of the vehicle. Stowe's left foot was propped on the door near the window and his right foot was stuck underneath the door.<br><br>**Ex. F to the IOE Barrington BWC (2); (1:05)** | Objection. Compound. Speculative and argumentative.<br><br>The video footage Plaintiff cites to support these "facts" does not establish the facts as presented. There is no evidence in the record to establish these "facts."<br><br>Undisputed that when entering Alford's patrol vehicle, Stowe landed in the footwell of the back seat. |
| | 42. | Stowe then lifted his right foot to maneuver it from under the door. At this point, Alford grabbed Stowe's right foot and shin and yanked Stowe out of the car causing him to crash unto the ground hitting his back and head.<br><br>**Ex. F to the IOE Barrington BWC (2); (1:05-1:10)** | Objection. Compound. Speculative and argumentative.<br><br>Disputed. The video footage Plaintiff cites does not establish the facts as presented. Nor is there any evidence in the record to establish the facts as presented.<br><br>Undisputed that Alford pulled Stowe from the vehicle by his ankle. |
| | 43. | Stowe never kicked Alford.<br><br>**Ex. F to the IOE Barrington BWC (2); (1:05-1:10); Decl. of K. Patterson, Exhibit A (Stowe's Depo. 112:6-7)** | Objection.<br><br>The evidence Plaintiff cites does not support the fact as presented. Stowe admitted in his deposition that he does not remember the events prior to being placed in the WRAP device. He testified as follows:<br><br>Q: Do you remember being placed into the |

{02578047.DOCX}                           8
**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | patrol car – or the back of the patrol car before this yellow and black brace was put on?<br><br>A: Not – not really, no. I don't remember it. I remember kind of waking up and them closing the door. And I was like – I didn't know what the heck was going on, and we were like driving off. And then that was basically – I remember like we were – I don't know. He said that I kicked him or – and –<br><br>Q: Who said that?<br><br>A: Alford did.<br><br>Q: When did he say that?<br><br>A: When – when we were in the car.<br><br>Q: And did you say anything in response?<br><br>A: I told him that, no, I didn't kick him.<br><br>Ex. B to the IOE, 111:18-25, 112:1-7<br><br>There is no evidence in the record to support that "Stowe never kicked Alford." |
| 44. | Stowe was turned over to his stomach and his arms were extended into the air as Alford was on his legs and midsection. The video captured the sound of Stowe gasping for air.<br><br>**Ex. F to the IOE Barrington BWC (2); (1:14-2:16)** | Objection. Compound. Argumentative and speculative. Immaterial and irrelevant since Plaintiff attempts to add this fact and theory of liability, for the first time, in his Opposition to Defendant's Motion for Summary Judgment.<br><br>The video footage cited does not establish the facts as presented.<br><br>Undisputed that Alford assisted in securing Stowe after he was removed from the police vehicle. |
| 45. | Stowe was placed into a WRAP device.<br><br>**Ex. F to the IOE Barrington BWC (2); 4:30-6:40** | Undisputed. |
| 46. | Stowe was eventually transported to the | Undisputed. |

| | | |
|---|---|---|
| | Placer County Jail. Stowe was escorted into the jail by three deputies and Officer Alford.<br><br>**Ex. G to the IOE Intake Video (0:36-1:45)** | |
| 47. | The WRAP device was removed from Stowe but Stowe remained handcuffed behind his back. This was completed by deputies and Alford.<br><br>**Ex. G to the IOE Intake Video (0:36-1:45)** | Objection. Compound. Vague as to "this was completed by deputies and Alford."<br><br>Undisputed that Placer County deputies and Alford removed the WRAP device. |
| 48. | Stowe was seated and he never got out of his seat before the moment he was physically assaulted by Alford.<br><br>**Ex. G to the IOE Intake Video (3:30-33:35)** | Objection. Irrelevant and immaterial. Argumentative.<br><br>Undisputed that Stowe remained seated while in the booking area until he was placed back in the WRAP device. |
| 49. | While Stowe remained seated, Alford and other deputies had at times turned their backs to Stowe and left him unattended.<br><br>**Ex. G to the IOE Intake Video (31:40-33:35)** | Objection. Irrelevant and immaterial. Vague and argumentative as to "turned their backs to Stowe" and "left him unattended." |
| 50. | Alford began to explain to Plaintiff that they would have to go back to the hospital. While walking towards Stowe, Alford was putting on gloves. Alford stopped about an arm length and a half away from Stowe. Two other deputies larger than Stowe also surrounded Stowe.<br><br>**Ex. G to the IOE Intake Video (33:35-33:41)** | Objection. Compound. Irrelevant and immaterial. Vague and argumentative.<br><br>The evidence cited does not show the size of the deputies in comparison to Stowe.<br><br>Otherwise, undisputed. |
| 51. | Stowe stated to Alford that "If you f**cking f**k my arm up and f**k my teeth up again dawg…when I get out…" and then he was cut off by Alford.<br><br>**Ex. G to the IOE Intake Video (33:43-33:46)** | Objection. Argumentative as to "he was cut off by Alford."<br><br>Undisputed as to Stowe's statements. |
| 52. | Alford proceeded to step closer to Stowe, hovered over Stowe where his face was roughly a half arm length away from Stowe and began to yell at Plaintiff. | Objection. Compound. Vague and argumentative. Out of context as this "fact" omits the remainder of the exchange in SDF 51, which concluded by Plaintiff stating, "shut the fuck up, dawg." |

| | | Ex. G to the IOE Intake Video (33:54-33:57) | The video footage shows that Alford took a step closer to Stowe and raised his voice. |
|---|---|---|---|
| | 53. | Stowe then started to stand up. Prior to standing up fully, Alford struck Plaintiff with his right open hand in the lower throat area. The force of the strike caused Plaintiff to slam into the counter. While Plaintiff was pinned to the counter, Alford caused his left hand to grab the throat of Plaintiff and he shoved plaintiff's neck towards the counter whipping Plaintiff's head towards the back of the counter.<br><br>**Ex. G to the IOE Intake Video (33:57-34:01)** | Objection. Compound. Argumentative.<br><br>The evidence cited does not support this "fact" as presented and in fact contradicts it. Plaintiff admits UMF No. 50 that "[a]t no time during Stowe's arrest or thereafter did Alford hit, strike, or punch Stowe."<br><br>The video footage shows that Alford reached out his right hand near Stowe's upper left chest area in an attempt to control him. Realizing he could not secure Stowe with one hand, Alford moved his left hand to Stowe's right shoulder to gain better control. Because of the angle and momentum of Stowe's body, Alford's contact drove Stowe backwards against the room divider while simultaneously causing Alford's hands to slide up towards Stowe's neck.<br><br>Undisputed that Stowe "started to stand up." |
| | 54. | The nearest deputy to Alford commanded Alford to "Whoa" and placed an armbar on Alford.<br><br>**Ex. G to the IOE Intake Video (33:59-34:01)** | Objection. Vague and argumentative.<br><br>The video footage shows that a deputy said "whoa, whoa, whoa", at which point Alford ceased contact with Stowe. |
| | 55. | As a result of the incident, Stowe suffered from chipped teeth; scar on cheek that left a dark spot; emotion distress which Stowe receives counseling; and suffered a lower spine injury.<br><br>Decl. of K. Patterson, Exhibit A (Stowe's Depo. 60:25-61:11; 64:1-4; 67:1-9; 117:3-6 | Objection as irrelevant and immaterial. |

Dated: December 29, 2021 Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
    John R. Whitefleet
    Attorney for Defendant

**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**