1

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant BRAD ALFORD

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTOPHER STOWE, an individual, | Case No. 2:19-cv-01652-KJM-AC |
| Plaintiff, | **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BRAD ALFORD, in his personal capacity, | |
| Defendant. | |
| | Complaint Filed: 08/23/2019 |
| | Date: February 11, 2022 |
| | Time: 10:00 a.m. |
| | Ctrm.: 3 |
| | Judge: Kimberly J. Mueller |
| _____/ | |

Defendant BRAD ALFORD ("Defendant") hereby submits Defendant's Reply to Plaintiff's Responses to Defendant's Separate Statement of Undisputed Material Facts in support of his Motion for Summary Judgment.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO UNDISUTED MATERIAL FACTS |
|---|---|---|

{02577701.DOCX}                                        1

| | | | |
|---|---|---|---|
| 1. On August 25, 2017, Brad Alford was employed as a peace officer with the Rocklin Police Department.<br><br>**Evidence:**<br>Exhibit ("Ex.") A to the Index of Exhibits ("IOE") Declaration of Brad Alford ("Alford Dec.") | Admit. | | UMF 1 remains undisputed. |
| 2. On August 25, 2017, Alford was dispatched to a trailer park at 4243 Cedarwood Street in Rocklin, California to the check the welfare of an individual who was reportedly lying unconscious in the parking lot.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Alford Police Report ("Police Report"). | Admit. | | UMF 2 remains undisputed. |
| 3. Alford arrived at the scene and observed Kristopher Stowe lying on his back with his arms out to the side unconscious.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford Body-Worn Camera ("Alford BWC"). | Deny<br><br>Plaintiff was not unconscious. He was not responding<br><br>Ex. D to the IOE Alford Body Worn Camera | | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>"Unconscious" is commonly defined as not awake especially because of an injury, drug, etc.; or not consciously done. Plaintiff cannot reasonably claim he purposefully went to sleep in a parking lot in a strange location, with wet clothes on.<br><br>UMF 3 remains undisputed. |
| 4. Alford was concerned that Stowe may have been suffering from a drug overdose or medically induced condition and asked dispatch to send medics.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | | UMF 4 remains undisputed. |

{02577701.DOCX}

2

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 5. As he approached Stowe, Alford announced himself as a police officer. After a few seconds, Stowe regained consciousness.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC. | Deny.<br><br>Plaintiff was not unconscious. He was not responding.<br><br>Ex. D to the IOE Alford BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>"Unconscious" is commonly defined as not awake especially because of an injury, drug, etc.; or not consciously done. Plaintiff cannot reasonably claim he purposefully went to sleep in a parking lot in a strange location, with wet clothes on.<br><br><br>UMF 5 remains undisputed. |
| 6. Alford observed that Stowe had blood shot and watery eyes, slurred speech, and was emitting a strong odor of alcohol from his person.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 6 remains undisputed. |
| 7. Alford also observed that Stowe had several abrasions on his face and suspected that Stowe had suffered a fall prior to Alford's arrival.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. D to the IOE Alford BWC. | Deny.<br><br>Plaintiff's face was clear of abrasions<br><br>Exhibit D to the IOE Alford BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Plaintiff's face was clear of abrasions."<br><br>UMF 7 remains undisputed. |
| 8. Based on those observations, Alford determined that Stowe was intoxicated and unfit to care for himself.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Since this fact is based on false factual foundation as Alford could not have observed several abrasions on Stowe's face as Stowe did not have such abrasions.<br><br>Exhibit D to the IOE Alford BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe did not have such abrasions."<br><br>Additionally, this fact partly rests on UMF 6, which Plaintiff has admitted.<br>UMF 8 remain undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 9. Alford informed Stowe that medics were on their way and asked Stowe if he had been drinking alcohol, using illegal drugs, or whether he was having a medical emergency.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC. | Admit. | UMF 9 remains undisputed. |
| 10. Stowe did not answer Alford's questions.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC. | Admit. | UMF 10 remains undisputed. |
| 11. Alford repeatedly asked Stowe for his name, but Stowe only provided his first name. Stowe could not provide his last name.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC. | Deny.<br><br>Stowe "could" provide his last name, however chose not to.<br><br>Ex. D to the IOE Alford BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe 'could' provide his last name, however he chose not to."<br><br>Plaintiff appears not to challenge the remainder of this fact as presented.<br><br>UMF 11 remain undisputed. |
| 12. The medics from the Rocklin Fire Department began asking Stowe about his condition.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 12 remains undisputed. |
| 13. Stowe did not answer all of the medics' questions.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 13 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 14. Stowe commented that he was being asked too many questions and intended to leave.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC. | Admit. | UMF 14 remains undisputed. |
| 15. Alford was concerned that Stowe was intoxicated and unfit to care for himself, and he informed Stowe that he could not leave and needed to speak with the medics.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. D to the IOE Alford BWC. | Deny.<br><br>Alford did not inform Stowe that he could not leave. Alford did suggest that Stowe speak with medics.<br><br>Ex. D to the IOE Alford BWC | Plaintiff appears to deny only the portion of this fact that reads "he informed Stowe that he could not leave."<br><br>Defendant submits that he insinuated to Plaintiff that he could not leave the scene. See Ex. D to the IOE Alford BWC.<br><br>The remainder of UMF 15 remains undisputed. |
| 16. Alford ordered Stowe to put his hands behind his back, and Stowe complied.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC. | Admit. | UMF 16 remains undisputed. |
| 17. As Alford began to handcuff Stowe, Stowe began pulling away from Alford and spinning back towards him.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Plaintiff did not pull away nor did he spin back toward Alford.<br><br>Ex. D to the IOE Alford BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Plaintiff did not pull away nor did he spin back towards Alford." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>UMF 17 remains undisputed. |
| 18. Alford repeatedly commanded Stowe to "stop fighting." | Admit. | UMF 18 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| **Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. D to the IOE Alford BWC | | |
| 19. Alford was concerned that Stowe would flee the scene or attack him or others on the scene.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Alford and Officer Barrington left Stowe unattended at times, allowed paramedics to enter the scene, allowed other members of the community to enter the scene and did not set up a parameter for only law enforcement to have access.<br><br>Ex. D to the IOE Alford BWC<br>Ex. E to the IOE Barrington BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>This fact presented by Defendant relates to Alford's concerns after Plaintiff began resisting but before he was in custody.<br><br>The evidence Plaintiff cites does not support Plaintiff's denial or are irrelevant/immaterial.<br><br>UMF 19 remains undisputed. |
| 20. For that reason, Alford attempted to take Stowe to the ground to get better control in handcuffing.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Denied.<br><br>As the reasoning is based on untrue facts.<br><br>Ex. D to the IOE Alford BWC<br>Ex. E to the IOE Barrington BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support Plaintiff's denial.<br><br>UMF 20 remains undisputed. |
| 21. Before Alford could complete the controlled take down, both he and Stowe fell to the ground.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 21 remains undisputed. |
| 22. Stowe asserts in his complaint that he was "thrown" to the ground<br><br>**Evidence:**<br>Complaint [ECF No. 1]. | Admit. | UMF 22 remains undisputed. |
| 23. Stowe landed in a position where his chest hovered over Alford's legs. | Deny.<br><br>Stowe landed on his side and rolled unto his back. Alford's | Plaintiff fails to present any evidence to place the fact as presented in dispute. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| **Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | left leg was on top of the face of Stowe.<br><br>Ex. E to the IOE Barrington BWC | The evidence Plaintiff cites does not support that "Plaintiff landed on his side and rolled unto his back" or that "Alford's left leg was on top of the face of Stowe." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>UMF 23 remains undisputed. |
| 24. Alford could feel Stowe moving up his body towards his dead and was concerned that Stowe was attempting to gain a position of advantage over him.<br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny<br><br>Stowe was never on top of Alford.<br><br>Ex. E to the IOE Barrington BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe was never on top of Alford." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>UMF 24 remains undisputed. |
| 25. Alford could not free himself from Stowe's grasp.<br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Alford was never in the "grasp" of Stowe as Stowe.<br><br>Ex. D to the IOE Alford BWC<br>Ex. E to the IOE Barrington BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Alford was never in the grasp of Stowe." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>UMF 25 remains undisputed. |
| 26. Barrington heard Alford's pleas for Stowe to "stop fighting" and the ensuing struggle.<br><br>**Evidence:**<br>Ex. E to the IOE Barrington Body-Worn Camera (1) ("Barrington BWC (1)"). | Admit. | UMF 26 remains undisputed. |
| 27. Barrington struck Stowe in the left side of the head with a single elbow strike. | Admit. | UMF 27 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| **Evidence:**<br>Ex. A to the IOE Alford Dec. | | |
| 28. Alford was able to free himself from Stowe's grasp.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Alford was never in the "grasp" of Stowe.<br><br>Ex. D to the IOE Alford BWC<br>Ex. E to the IOE Barrington BWC | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Alford was never in the grasp of Stowe." In fact, Plaintiff mischaracterizes what can be seen in the videos.<br><br>UMF 28 remains undisputed. |
| 29. Barrington grabbed Stowe's left arm and placed it behind his back in a handcuffing position.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 29 remains undisputed. |
| 30. The medics on the scene grabbed Stowe's right arm and placed it behind his back in a handcuffing position.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 30 remains undisputed. |
| 31. Alford placed Stowe in handcuffs.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 31 remains undisputed. |
| 32. Stowe alleges that Alford and other officers held his head against the pavement.<br><br>**Evidence:**<br>Ex. B to the IOE Kristopher Stowe Deposition ("Stowe Depo.") 91:21-25; 107:11-19; 109:4-11. | Deny.<br><br>Stowe alleged that Alford smash his head and face into the pavement<br><br>Deposition ("Stowe Depo.") 91:21-25; 107:11-19; 109:4-11 | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>In his deposition testimony, while Stowe initially testified that Alford "smashed his head on the pavement", he later changed his testimony to imply that officers, |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | including Alford, held his head down on the pavement. See Ex. B to the IOE Stowe Depo. 107:11-19, 109:4-11. UMF 32 remains undisputed. |
|---|---|---|
| 33. Stowe alleges that while on the ground, he felt pressure on his lower back, which he believed to a be a knee, for approximately 10 seconds. **Evidence:** Ex. B to the IOE Stowe Depo. 101:7-24; 102:1-8, 20-25; 103:1-21. | Admit. | UMF 33 remains undisputed. |
| 34. Stowe alleges he felt pressure on his right bicep and upper back area. **Evidence:** Ex. B to the IOE Stowe Depo. 102:9-19; 104:7-11. | Admit. | UMF 34 remains undisputed. |
| 35. Stowe alleges that he was struck in the face multiple times. **Evidence:** Complaint [ECF No. 1]. | Admit. | UMF 35 remains undisputed. |
| 36. Alford assisted Stowe in standing up and walked him to his patrol vehicle. **Evidence:** Ex. A to the IOE Alford Dec. Ex. C to the IOE Police Report. | Admit. | UMF 36 remains undisputed. |
| 37. Alford took Stowe to the rear passenger door, and Barrington went to the rear driver's side door to assist with securing Stowe. **Evidence:** Ex. A to the IOE Alford Dec. Ex. C to the IOE Police Report. Ex. F to the IOE Barrington Body-Worn Camera (2) ("Barrington | Admit. | UMF 37 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BWC (2)").

| | | |
|---|---|---|
| 38. As Alford was placing Stowe in the back seat of the vehicle, Stowe began struggling.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Stowe was thrown into the back seat.<br><br>Exhibit F to the IOE Barrington BWC (2) | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe was thrown into the back seat." In addition, Plaintiff mischaracterizes what can be seen in the video.<br><br>Additionally, in his deposition testimony, Plaintiff disclaimed any memory of being placed in the patrol car prior to the time he was placed in the WRAP device.<br><br>Ex. B to the IOE Stowe Depo. 111:18-25.<br><br>UMF 38 remains undisputed. |
| 39. Stowe alleges that Alford "shoved" him into the back of the police car.<br><br>**Evidence:**<br>Complaint [ECF No. 1]. | Admit. | UMF 39 remains undisputed. |
| 40. Stowe rolled into the foot well of the rear caged area of the car.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Stowe was thrown into the back seat.<br><br>Ex. F to the IOE Barrington BWC (2). | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe was thrown into the back seat." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>Additionally, in his deposition testimony, Plaintiff disclaimed any memory of being placed in the patrol car prior to the time he was placed in the |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | WRAP device.<br><br>Ex. B to the IOE Stowe Depo. 111:18-25.<br><br>UMF 40 remains undisputed. |
| 41. As Alford leaned in to assist Stowe in gaining an upright position on the back seat, Stowe cocked his foot back and kicked Alford in the chest.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. F to the IOE Barrington BWC (2). | Deny.<br><br>Stowe did not kick Alford in the chest.<br><br>Ex. F to the IOE Barrington BWC (2) | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe did not kick Alford in the chest." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>Additionally, in his deposition testimony, Plaintiff disclaimed any memory of being placed in the patrol car or the surrounding events prior to the time he was placed in the WRAP device.<br><br>Ex. B to the IOE Stowe Depo. 111:18-25.<br><br>UMF 41 remains undisputed. |
| 42. Stowe cocked his leg back again as if to kick Alford a second time.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny.<br><br>Stowe merely maneuvered his feet from under the door and it was immediately grabbed by Alford.<br><br>Ex. F to the IOE Barrington BWC (2) | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe merely maneuvered his feet from under the door and it was immediately grabbed by Alford." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>Additionally, in his deposition testimony, Plaintiff disclaimed any memory of being placed in |

{02577701.DOCX} 11
DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | | the patrol car or the surrounding events prior to the time he was placed in the WRAP device.<br><br>Ex. B to the IOE Stowe Depo. 111:18-25.<br><br>UMF 42 remains undisputed. |
|---|---|---|
| 43. Barrington struck Stowe in the right side of his head with his fist.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Admit. | UMF 43 remains undisputed. |
| 44. Alford was unable to gain Stowe's cooperation in securing him in the back seat.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Deny.<br><br>Stowe was cooperating but was yanked out of the vehicle in an attempt to comply.<br><br>Ex. F to the IOE Barrington BWC (2) | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe was cooperating but was yanked out of the vehicle in an attempt to comply." In fact, Plaintiff mischaracterizes what can be seen in the video.<br><br>Additionally, in his deposition testimony, Plaintiff disclaimed any memory of being placed in the patrol car or the surrounding events prior to the time he was placed in the WRAP device.<br><br>Ex. B to the IOE Stowe Depo. 111:18-25.<br><br>UMF 44 remains undisputed. |
| 45. Alford grabbed Stowe's ankle and pulled him out of the backseat onto the ground.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Admit. | UMF 45 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Ex. C to the IOE Police Report. | | |
| 46. By that time, Officer Jeff Paxton had arrived on the scene. He assisted Alford in restraining Stowe.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 46 remains undisputed. |
| 47. In light of Stowe's combative behavior, Barrington called for a WRAP restraint device.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. F to the IOE Barrington BWC (2). | Denied.<br><br>Plaintiff was not combative as the video footage shows Stowe never striking or running away from officers. Stowe merely cursed at officer Alford.<br><br>Ex. D to the IOE Alford BWC<br>Ex. E to the IOE Barrington BWC<br>Ex. F to the IOE Barrington BWC (2) | Plaintiff fails to present any evidence to place the fact as presented in dispute. In addition, Plaintiff mischaracterizes what can be seen in the video.<br><br>Plaintiff denies the characterization of "combative" because he has defined it as "striking or running away from officers." The combativeness referred to in UMF 47 is Stowe's kick in Alford's chest. Plaintiff has not presented evidence in the record to put in dispute that he kicked Alford in the chest.<br><br>Additionally, in his deposition testimony, Plaintiff disclaimed any memory of being placed in the patrol car or the surrounding events prior to the time he was placed in the WRAP device.<br><br>Ex. B to the IOE Stowe Depo. 111:18-25.<br><br>UMF 47 remains undisputed. |
| 48. Once the WRAP device arrived, officers secured Stowe in the device and placed him in the back seat of Alford's patrol care. | Admit. | UMF 48 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF
UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| **Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. F to the IOE Barrington BWC (2). | | |
| 49. Stowe repeatedly used foul language towards Alford and other officers and called Alford offensive names.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. F to the IOE Barrington BWC (2). | Admit. | UMF 49 remains undisputed. |
| 50. At no time during Stowe's arrest or thereafter did Alford hit, strike, or punch Stowe.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Admit. | UMF 50 remains undisputed. |
| 51. At no time during Stowe's arrest did Alford hold or push Stowe's head down onto the pavement.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Deny<br><br>Alford smashed Stowe's head and face into the ground.<br><br>Deposition ("Stowe Depo.") 91:21-25; 107:11-19; 109:4-11 | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>In his deposition testimony, while Stowe initially testified that Alford "smashed his head on the pavement", he later changed his testimony to imply that officers, including Alford, held his head down on the pavement. Regardless, Plaintiff fails to establish he was in any position to see or know the identity of anyone making contact with the back of his head.<br><br>See Ex. B to the IOE Stowe Depo. 107:11-19, 109:4-11. |
| 52. Alford drove Stowe to Sutter Roseville Medical Center to be medically cleared for | Admit. | UMF 52 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| incarceration.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | | |
| 53. Fearing that Stowe would pose safety concerns, Alford did not remove him from the WRAP device while at the hospital.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Admit. | UMF 53 remains undisputed. |
| 54. Stowe was not fully cooperative with the medical staff and repeatedly yelled at Alford and others at the hospital.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 54 remains undisputed. |
| 55. Based on Stowe's demeanor and lack of cooperation, the hospital cleared Stowe for incarceration with limited screening.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny. This fact lacks foundation, is speculative and is impermissible hearsay. | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>This fact is not "inadmissible hearsay" as it is within the personal knowledge of Defendant Alford and is included in his declaration, and is admissible as effect on the hearer, as such was the reasons Defendant then transported Plaintiff to jail i.e. after clearance albeit limited. Ex. A to the IOE. Defendant Alford will be permitted to testify to this fact at trial.<br><br>UMF 55 remains undisputed. |
| 56. Alford drove Stowe to the Placer County Jail where other deputies removed him from Alford's patrol car and | Admit. | UMF 56 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| removed the WRAP restraint device.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. G to the IOE Placer County Jail Intake Video ("Intake Video"). | | |
| 57. The deputies seated Stowe in chairs in the booking area ordinarily reserved for unhandcuffed individuals.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Denied.<br><br>Six deputies noticed a handcuffed Stowe sitting in the seat, and no deputy objected or attempted to move Stowe to another seat. Additionally, deputies directed a handcuffed Stowe to sit in the seat he was sitting.<br><br>Ex. G to the IOE Intake Video. | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>Plaintiff's subjective interpretation of the video does not rebut Defendant's understanding of the location of where Plaintiff was seated.<br><br>UMF 57 remains undisputed. |
| 58. Stowe remained handcuffed while seated.<br><br>**Evidence:**<br>Ex. G to the IOE Intake Video. | Admit. | UMF 58 remains undisputed. |
| 59. While in the booking area, Stowe repeatedly used profane language towards Alford, called him names, and made threatening statements to or about Alford.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. G to the IOE Intake Video. | Deny.<br><br>At times plaintiff used profanity while speaking with Alford. Plaintiff did not make threatening statements to or about Alford.<br><br>Ex. G to the IOE Intake Video. | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>Ex. G to the IOE Intake Video establishes that Stowe made the following remarks:<br><br>"[n]ext time I see that motherfucker Alford, man, I'll fucking…" (0:04:39);<br><br>"that fool's a fucking little bitch." (0:08:24);<br><br>"He fucking pissed me the fuck off. You fucking little fucking bitch, dawg, you fucked up my fucking teeth. You fucked up my motherfucking teeth, dawg, I'll see you on the out." |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | (0:09:48). |
|---|---|---|
| | | UMF 59 remains undisputed. |
| 60. Alford perceived that Stowe was belligerent and hostile towards him.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec. | Admit. | UMF 60 remains undisputed. |
| 61. The intake nurse at the Placer County Jail instructed that Stowe be transported to Sutter Auburn Faith Hospital for further assessment.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Admit. | UMF 61 remains undisputed. |
| 62. Alford approached Stowe to inform him that they were going back to the hospital.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. G to the IOE Intake Video (33:34) | Admit. | UMF 62 remains undisputed. |
| 63. When Alford engaged Stowe, the following interaction ensued:<br><br>Alford: Hey, so because you refused aid at the hospital, we have to go back to the hospital. Okay?<br><br>Stowe: [inaudible]…fucking…[inaudible].<br><br>Alford: You can't refuse aid.<br>Stowe: If you fucking fuck my arm up and fuck my teeth up again, dawg…<br><br>Alford: Okay.<br><br>Stowe: When I get out… | Admit. | UMF 63 remains undisputed. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Alford: So you're not winning already because I'd like to not have to put you… <br><br> Stowe: You ain't winning. <br><br> Alford: I'd like to not have to … <br><br> Stowe: Shut the fuck up, dawg. <br><br> **Evidence:** <br> Ex. G to the IOE Intake Video (33:35) | | |
| 64. Alford leaned down towards Stowe, who was seated, and began to say again, "I'd like to not have to put you…" <br><br> **Evidence:** <br> Ex. G to the IOE Intake Video | Admit. | UMF 64 remains undisputed. |
| 65. Before he could say "in the WRAP device again", Stowe began yelling and abruptly began to stand up in Alford's face. <br><br> **Evidence:** <br> Ex. G to the IOE Intake Video. | Admit to everything other than "stand up in Alford's face." <br><br> Stowe was in the process of standing up straight but before he could stand up Alford struck him with a right hand to the throat. <br><br> Ex. G to the IOE Intake Video | Plaintiff fails to present any evidence to place the fact as presented in dispute. <br><br> The evidence Plaintiff cites does not support his denial. Ex. G to the IOE Intake Video establishes that Stowe stood up towards Alford in very close proximity. Alford then placed his right hand on Plaintiff's left chest area. <br><br> UMF 65 remains undisputed. |
| 66. Neither Alford nor any other deputy ordered Stowe to stand up, and Stowe did not inform Alford of his intent to stand up. <br><br> **Evidence:** <br> Ex. A to the IOE Alford Dec. <br> Ex. G to the IOE Intake Video. <br> Ex. B to the IOE Stowe Depo. 118:13-19. | Admit. | UMF 66 remains undisputed. |
| 67. Considering that Stowe had already physically harmed | Deny. | Plaintiff fails to present any evidence to place the fact as |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Alford, and in light of Stowe's belligerent demeanor and threatening statements, Alford feared that Stowe may head butt him or cause other physical harm.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Stowe had not harmed any officer.<br><br>Ex. D to the IOE Alford BWC<br>Ex. E to the IOE Barrington BWC<br>Ex. F to the IOE Barrington BWC (2) | presented in dispute.<br><br>The evidence Plaintiff cites does not support that "Stowe had not harmed any officer." Plaintiff has failed to present evidence to dispute that Stowe kicked Alford in the chest.<br><br>Plaintiff appears to admit the remainder of this fact.<br><br>UMF 67 remains undisputed. |
| 68. Because Stowe was seated in the chairs ordinarily reserved for unhandcuffed individuals, Alford believed that Stowe was unhandcuffed.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report. | Deny<br><br>Alford was looking straight at Stowe with a clear and unobstructed view of Stowe's torso, and arms. The video clearly shows Stowe handcuffed.<br><br>Ex. G to the IOE Intake Video | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support his denial or put in dispute that "Alford believed Stowe was unhandcuffed" based on where Plaintiff was seated.<br><br>UMF 68 remains undisputed. |
| 69. Alford reached out his right hand near Stowe's upper left chest in an attempt to control him.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. G to the IOE Intake Video. | Deny<br><br>Alford struck Stowe with an open palm to the neck to shove him back to the counter.<br><br>Ex. G to the IOE Intake Video | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>Plaintiff admitted in UMF 50 that "[a]t no time during Stowe's arrest or thereafter did Alford hit, strike, or punch Stowe."<br>Ex. G to the IOE shows that Alford's right hand landed on Stowe's upper left chest area.<br><br>UMF 69 remains undisputed. |
| 70. Alford realized that he could not secure Stowe with one hand, Alford moved his left hand to Stowe's right shoulder to gain better control. | Deny<br><br>Alford then caused his left hand to grab the neck of Stowe. | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support his denial. Ex. G to the IOE shows that |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| **Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. G to the IOE Intake Video. | Ex. G to the IOE Intake Video | Alford's left hand initially landed on Stowe's right shoulder, not on his neck.<br><br>UMF 70 remains undisputed. |
| 71. Because of the angle and momentum of Stowe's body, this only drove Stowe backwards against the room divider while simultaneously causing Alford's hands to inadvertently slide up towards Stowe's neck.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. G to the IOE Intake Video. | Deny<br><br>The video shows Alford intentionally grabbing Stowe by the neck and then Alford rings Stowe's neck like a butcher does a chicken which causes Stowe's head to whip back towards the top of the counter.<br><br>Ex. G to the IOE Intake Video | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support his denial. Ex. G to the IOE shows the facts as described in UMF Nos. 69-71. Plaintiff mischaracterizes the video.<br><br>UMF 71 remains undisputed. |
| 72. Once Alford stabilized Stowe with both hands, he heard other deputies saying "whoa, whoa", which signaled to him that they were interfering and would take control.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. G to the IOE Intake Video. | Deny.<br><br>After being commanded and having an armbar used against Alford, did Alford stop his attack on Stowe.<br><br>Ex. G to the IOE Intake Video | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>The evidence Plaintiff cites does not support his denial. Ex. G to the IOE shows another deputy saying "whoa, whoa, whoa" at which time Alford ceased contact with Stowe. Plaintiff mischaracterizes the video.<br><br>There is no evidence to support that Alford had "an armbar used against him", however that vague term is defined.<br>UMF 72 remains undisputed. |
| 73. At that time, Alford ceased physical contact with Stowe.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. C to the IOE Police Report.<br>Ex. G to the IOE Intake Video. | Admit to the fact that after the deputies warded Alford off of Stowe did the physical contact end at that moment. | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>UMF 73 remains undisputed. |
| 74. Alford had two hands on or around Stowe's neck area for less than 2 seconds. | Deny.<br><br>Alford had two hands around | Plaintiff fails to present any evidence to place the fact as presented in dispute. |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | Stowe's neck for more than 2 seconds. | |
|---|---|---|
| **Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. G to the IOE Intake Video. | Ex. G to the IOE Intake Video | The evidence Plaintiff cites does not support his denial.<br><br>Ex. G to the IOE Intake Video shows that total contact between Stowe and Alford was approximately 4 seconds. However, Alford only had both hands on or around Stowe's neck area for less than 2 seconds. Plaintiff mischaracterizes the video.<br><br>UMF 74 remains undisputed. |
| 75. Alford did not apply enough pressure to restrict Stowe's air supply, only enough pressure to stabilize him.<br><br>**Evidence:**<br>Ex. A to the IOE Alford Dec.<br>Ex. G to the IOE Intake Video. | Deny. This fact is objectionable as it lacks foundation and is speculative.<br><br>Stowe was choked by Alford.<br><br>Stowe Depo. 85:4-8 | Plaintiff fails to present any evidence to place the fact as presented in dispute.<br><br>There is no evidence in the record to support that Alford restricted Stowe's air supply. Plaintiff mischaracterizes the video.<br><br>UMF 75 remains undisputed. |
| 76. Stowe alleges that Alford grabbed him by the throat with both hands, choked him, and bent him over the room divider.<br><br>**Evidence:**<br>Ex. B to the IOE Stowe Depo. 117:3-21; 85:2-8.<br>Complaint [ECF No. 1]. | Admit. | UMF 76 remains undisputed. |

Dated: December 29, 2021

Respectfully submitted,


PORTER SCOTT

A PROFESSIONAL CORPORATION


By /s/ John R. Whitefleet

John R. Whitefleet

Attorney for Defendant

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**